UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MONEYGRAM PAYMENT SYSTEMS, INC., | Case No. 0:17-cv-05316-WMW-KMM |
| Plaintiff, | **ORDER** |
| v. | |
| BULLFROG CORNER EXPRESS, LLC, *doing business as* Check Express; NAYYER MAHMOOD; and YASMIN MAHMOOD; | |
| Defendants. | |

---

Brian A. Dillon, Gray Plant Mooty, 80 South 8th Street, Suite 500, Minneapolis, MN 55402, counsel for plaintiff MoneyGram Payment Systems, Inc.

David Albright, David E. Albright & Associates, 2999 County Road 42 W, Suite 200, Burnsville, MN 55306, counsel for defendants Bullfrog Corner Express, LLC, Nayyer Mahmood, and Yasmin Mahmood.

---

Defendants Bullfrog Corner Express, Nayyer Mahmood, and Yasmin Mahmood (collectively "Bullfrog") have filed a Motion to Dismiss for Improper Venue. For the following reasons, Bullfrog's Motion is **DENIED**.

## BACKGROUND

Plaintiff MoneyGram Payment Systems, Inc. ("MoneyGram") and the individual defendant Bullfrog entered into an agreement in 2013, in which MoneyGram authorized Bullfrog to sell its money transfer and money order services. (Compl., ECF No. 1 ¶ 6.) Under the agreement, Bullfrog was required to maintain funds obtained through the sale of MoneyGram's services in a separate trust fund,

and remit the funds to MoneyGram on a daily basis. (*Id.* ¶¶ 7, 9.) Mr. and Mrs. Mahmood each personally guaranteed Bullfrog's performance under the agreement. (*Id.* ¶ 12.) MoneyGram now alleges breach of contract and related claims against all the Bullfrog defendants. (*Id.* ¶¶ 22–34.)

MoneyGram filed a substantially similar action against Bullfrog in the Circuit Court of Tennessee in 2015. (*See* Complaint, *Moneygram Payment Sys. v. Nayyer Mahmood*, CT-002562-15 (Tenn. Cir. Ct., June 17, 2015) (the "Tennessee Action").) In the Tennessee Action, Bullfrog moved to dismiss the complaint for improper venue and failure to include an indispensable party. (Aff. of Brian A. Dillon, ECF No. 21, Ex. A, March 21, 2018.) Bullfrog's sole legal argument for dismissal was that

> Venue is provided for in the contract between MoneyGram and Bullfrog, and the addendum to the contract whereby Nayyer Mahmood and Yasmin Mahmood guarantee Bullfrog's action, all specifically limit all actions by both parties to the State of Minnesota.

(Ex. B to Dillon Aff. ¶ 2; *see also id.* ¶ 10 ("In light of the above no action can be taken against Bullfrog save in the jurisdiction and courts of the state of Minnesota as stated above.").)[1] While Bullfrog's Motion was pending, MoneyGram served initial discovery requests, and when Bullfrog did not respond, a Motion to Compel, followed by a Motion for Default Judgment. (Tennessee Action, Dkt. No. 17, Dec. 7, 2015; *id.*, Dkt. No. 19, Dec. 31, 2015.) Before the pending cross-motions to dismiss and for default were decided, however, MoneyGram voluntarily dismissed the Tennessee action. (*Id.*, Dkt. No. 35, Jan. 28, 2016.)

MoneyGram filed the current action in December, 2017. (Compl., ECF No. 1.) Bullfrog has filed a Motion to Dismiss for Improper Venue, arguing that because MoneyGram originally filed in Tennessee, it has waived its right to invoke the forum selection clause in order to bring the action in Minnesota. Bullfrog now argues that Tennessee, where Mr. and Mrs. Mahmood reside, or Mississippi, where the individual

---

[1] The applicable provision in the Master Trust Agreement reads: "The venue for any action under this Agreement shall be in the State of Minnesota, whether or not such venue is or subsequently becomes inconvenient, and the parties consent to the jurisdiction of the courts of the State of Minnesota, County of Rice, and the U.S. District Court, District of Minnesota." (Compl., ECF No. 1, Ex. A ¶ 25(c).)

2

defendant Bullfrog did business, would be the appropriate forum for the current action. However, Bullfrog does not request transfer of the action back to Tennessee or to Mississippi. Instead, they maintain that dismissal is appropriate under 28 U.S.C. § 1406(a).

## ANALYSIS

For two reasons, Bullfrog's motion must be denied. First, Bullfrog is estopped from now opposing venue in Minnesota, since that was precisely the forum they demanded of the court in Tennessee. Second, under the circumstances of this case, their waiver argument is unavailing.

### Estoppel

Estoppel is a "broad equitable doctrine, the application of which is subject to the discretion of the court, and which must turn on the specific facts of each case." *In re Sunde*, 149 B.R. 552, 557 (Bankr. D. Minn. 1992); *see also Scott County v. Advance Rumley Thresher Co.*, 288 F. 739, 750 (8th Cir. 1923) ("The doctrine of estoppel is one of fundamental justice…. [C]ourts have gone a long way in applying it to prevent manifest injustice and wrong.") It is "intended to prevent a party from taking unconscionable advantage of his own wrong by asserting his strict legal rights." *Nelson v. Commissioner of Revenue*, 822 N.W.2d 654, 660 (Minn. 2012) (quotation omitted). "In its essence, equitable estoppel prevents a party from 'having it both ways.' If a party has knowingly and intentionally committed itself to a position which was not in its own best interest…it may not later insist upon a strict legal enforcement of the rights which it would have had in the absence of the commitment." *In re Sunde*, 149 B.R. at 558.

The doctrine of estoppel has long been relied upon by courts to prevent just the sort of unfairness that would result from the sort of relief Bullfrog now requests. In *Aetna Life Ins. Co. v. Lyon County Iowa*, 82 F. 929 (N.D. Ia. 1897), the plaintiff originally brought its claims in an action at law. *Id.* at 934–35. The defendant successfully argued that the case should be dismissed because the remedy was better sought through an action in equity. *Id.* When the plaintiff proceeded in equity, the

3

defendant then attempted to claim that the action was more appropriately suited to an action at law. *Id.* The court held:

> [I]t would be a travesty on justice to permit the defendant, which escaped a judgment in the law action, on the ground that the facts of the transaction were such as to require the aid of a court of equity, to now defeat the jurisdiction in equity, on the ground that an action at law is the appropriate remedy.

*Id.* More than a century later, similar circumstances still offend the conscience. It would be "a travesty on justice" to allow Bullfrog to avoid suit in the District of Minnesota after it so vehemently argued that if it must be sued, it should be sued here.

### Waiver

The doctrine of estoppel is enough to mandate denial of Bullfrog's Motion. Although Bullfrog raises an argument about waiver that has a superficial appeal, under the facts of this case, it is simply not enough to support its Motion for Dismissal. The Court shares the concern raised by Bullfrog regarding forum-shopping. Specifically, it would be generally improper for a plaintiff to begin litigation in a forum contrary to the one included in a contract, and decide at a later point that a new court might be more favorable, perhaps because the litigation is not going well, and only then invoke the contract's selection clause. However, in a case such as this, where Bullfrog has already received precisely the relief they sought in the Tennessee action by virtue of MoneyGram's voluntary filing in Minnesota, it is inequitable to permit them to now argue that the forum selection clause cannot be invoked. Additionally, Bullfrog's forum-shopping argument is weakened due to the fact that MoneyGram voluntarily dismissed the case before, not after, default judgment was filed, and the fact that MoneyGram itself drafted the proposed order denying their own Motion for Default Judgment. (*See* Decl. of Michelle K. Kuhl, ECF No. 16, Ex. E at 4, Feb. 28, 2018.)

Bullfrog sought to dismiss the Tennessee Action by explicitly arguing that, due to the forum selection clause, any action against Bullfrog take place in Minnesota. (Ex. B to Dillon Aff. ¶¶ 7–8, 10, 12.) Now, apparently finding itself in a more detrimental position than before, Bullfrog asserts that MoneyGram cannot enforce the forum selection clause because it originally brought suit elsewhere. The cases Bullfrog cites in support of its tenuous waiver argument are inapposite to the unique case at hand. *See Barker v. Golf U.S.A., Inc.*, 154 F.3d 788, 793 (8th Cir. 1998)

4

(discussing waiver in the context of arbitration clauses); *Jalin Realty Capital Advisors, LLC v. A Better Wireless, NISP, LLC*, No. 11-cv-165 JRT/LIB, 2012 WL 838439 at *3 (D. Minn. Mar. 12, 2012) (holding that a plaintiff could not invoke a forum selection clause as an affirmative defense to the defendant's counterclaims, where the plaintiff had originally filed the action in disregard of the forum selection clause); *Steward v. Up N. Plastics, Inc.*, 177 F. Supp. 2d 953, 958 (D. Minn. 2001) (discussing waiver of forum selection clauses when the defendant fails to raise the clause as an affirmative defense).

The two cases presented by Bullfrog for the first time at the hearing are similarly unpersuasive. Bullfrog argues that *Palmer v. Watson Const. Co.*, 121 N.W.2d 62 (Minn. 1963) stands for the principle that once a contractual right has been waived, it cannot be enforced. *Id.* at 64 n.2. However, *Palmer* involved both parties repudiating a right created by a performance provision in a construction contract, and then later attempting to insist on strict compliance with the repudiated provision—it fails to establish that a waiver has occurred under the circumstances of this case. *Knutson v. Lasher*, 18 N.W. 2d 688 (Minn. 1945), stands for the proposition that a party's behavior contrary to an irrevocable arbitration clause may represent a waiver of that arbitration clause. Ultimately, a party who gives up its right to arbitration cannot later claim not to be bound by a court's decision due to the arbitration clause. *Id.* at 693. *Knutson* and *Jalin* share a unique factual pattern: a party who has previously disregarded a contractual clause later seeks to raise it as an affirmative defense. That is not the case here. MoneyGram attempted to litigate without invoking its contractual rights, Bullfrog enforced these contractual rights, and MoneyGram has now acquiesced. It is Bullfrog, not MoneyGram, that now seeks to defensively upend a position it previously took.

Although Bullfrog briefly mentions Mississippi as a preferred forum for this lawsuit, they do not actually request transfer to Mississippi as primary or alternative relief in this matter. And there is no reason to transfer the case to Mississippi. The Mahmoods, the only members of Bullfrog, are citizens of Tennessee, and the individual defendant Bullfrog itself is no longer a going concern anywhere.[2] Further,

---

[2] MoneyGram has suggested that it sued Bullfrog in Tennessee because that forum is most convenient for the defendants, leading to a greater likelihood that they will participate in the litigation. Bullfrog expresses skepticism that MoneyGram sued

the parties have already decided on the most proper forum—Minnesota.  There is a strong policy of enforcement of valid forum selection clauses in order to protect the "legitimate expectations" of the parties.  *Atl Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013).  Bullfrog does not argue that the forum selection clause is invalid on its face.  And it cannot argue that it did not expect this litigation to commence and take place in Minnesota.  Finally, the agreement specifies that Minnesota law shall govern disputes arising from it.  The parties intended to litigate any disputes in Minnesota under Minnesota law.  This case belongs in Minnesota.

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Defendants Bullfrog and Mr. and Mrs. Mahmoods' Motion to Dismiss for Improper Venue, ECF No. 13, is **DENIED**.


Date: May 25, 2018                                       *s/ Katherine Menendez*
                                                        Katherine Menendez
                                                        United States Magistrate Judge

---

them in their home district out of benevolence.  While the Court may agree that parties rarely choose to inconvenience themselves to the benefit of their opponents in civil litigation, it appears that in this case, MoneyGram in fact chose Tennessee precisely because it is where the Mahmoods reside, although perhaps motivated more by pragmatism than kindness.  It is hard for the Court to understand why Bullfrog fought so hard to resist the convenience of a home town forum in favor of a lawsuit a thousand miles away, but that appears to be precisely what it did.