# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MONEYGRAM PAYMENT SYSTEMS, INC., | Case No. 0:17-cv-05316-KMM |
| Plaintiff, | **ORDER** |
| v. | |
| BULLFROG CORNER EXPRESS, LLC, *doing business as* Check Express; NAYYER MAHMOOD; and YASMIN MAHMOOD; | |
| Defendants. | |

Brian A. Dillon, Gray Plant Mooty, 80 South 8th Street, Suite 500, Minneapolis, MN 55402, counsel for plaintiff MoneyGram Payment Systems, Inc.

David Albright, David E. Albright & Associates, 2999 County Road 42 W, Suite 200, Burnsville, MN 55306, counsel for defendants Bullfrog Corner Express, LLC, Nayyer Mahmood, and Yasmin Mahmood.

Plaintiff MoneyGram Payment Systems ("MoneyGram") has raised a discovery dispute against Defendants Bullfrog Corner Express, LLC, Nayyer Mahmood, and Yasmin Mahmood (collectively, "Bullfrog") using the Court's informal dispute resolution process. Specifically, MoneyGram asserts that Bullfrog's initial disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A) are nearly two months overdue, and that responses to interrogatories and documents requests are nearly a month late.[1]

---

[1] Additionally, MoneyGram notes that Bullfrog has failed to file an Answer to the Complaint, which was due on June 8, 2018. However, MoneyGram has not yet

1

In response, Bullfrog submitted a letter through counsel addressing these issues in part. Specifically, counsel noted that his own schedule has caused delay in this matter, and that the difficulty in providing discovery as been exacerbated by the reality that the defendants reside in Tennessee while counsel lives in Minnesota. Counsel indicated that he will respond to the outstanding discovery requests by June 29th. In the letter, counsel did not discuss the late initial disclosures, nor the fact that no Answer has yet been filed.

The Court held a telephonic hearing to discuss matters with counsel for MoneyGram and Bullfrog. Unfortunately, counsel for Bullfrog failed to participate in the call.

Federal Rule of Civil Procedure 26(a)(1)(A) governs initial disclosures. In particular, a party is required to make its initial disclosures within 14 days of the Rule 26(f) conference, unless otherwise ordered by the court or stipulated to by the parties. *Id.* In its Pretrial Scheduling Order, this Court ordered initial disclosures to be made by April 30, 2018. As discussed above, Bullfrog has not yet provided its initial disclosures to MoneyGram.

Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A) provide the procedure for responding to interrogatories and document requests, respectively. Unless otherwise ordered or stipulated to, a party has 30 days to respond to an interrogatory or request for production of documents. *Id.* Counsel for MoneyGram asserts that it has been nearly 60 days since MoneyGram served interrogatories and requests for production, with no response from Bullfrog.

The Court finds that Bullfrog has not complied with its obligation to provide initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), nor with its discovery obligations as set forth in Rules 33(b)(2) and 34(b)(2)(A).

---

sought any relief, such as a motion for default, for this lateness. The Court will address Bullfrog's failure to file a timely answer if and when that question is presented to the Court.

Based on the foregoing, **IT IS HEREBY ORDERED** that on or before July 9, 2018, the Defendants shall respond to all outstanding discovery requests, and must provide opposing counsel with their initial disclosures.

Date: July 5, 2018

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge